UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL DeMARTINO              CASE NO.: 3:01CV1544 (AWT)

VS.

PATRICK MARINO,
FRANK MURPHY AND
JOHN MINARDI                   SEPTEMBER 7, 2005

JOINT TRIAL MEMORANDUM

**I.**

1. **TRIAL COUNSEL**

   a) **Plaintiff:**   Norman A. Pattis
                       Federal Bar No. ct13120
                       Law Offices of Norman A. Pattis, LLC
                       649 Amity Road, P. O. Box 280
                       Bethany, CT 06524
                       Tel: (203) 393-3017
                       Fax: (203) 393-9745
                       His Attorney

                       Kim Coleman Waisonovitz
                       Federal Bar No. ct25759
                       Law Offices of Norman A. Pattis, LLC
                       649 Amity Road, P.O. Box 280
                       Bethany, CT 06524
                       Tel: (203) 393-3017
                       Fax:(203) 393-9745
                       His Attorney

      b)      **Defendants:**      Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
Tel:  (203) 946-7970
Fax:  (203) 946-7942
[mwolak@newhavenct.net](mailto:mwolak@newhavenct.net)
Fed. Bar #c12681
Their Attorney

**2.   JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**3.   JURY/NON-JURY**

This is a jury case.

**4.   NATURE OF CASE**

Plaintiff in this action, which is brought pursuant to 42 U.S.C. § 1983, claims that his constitutional right under the Fourth Amendment to be free from the use of excessive force was violated during the course of his arrest. The arrest took place during the early morning hours of Sunday, August 6, 2000. Plaintiff alleges that defendant Patrick Marino, a New Haven police officer, beat him without justification during the course this arrest, and that defendants Frank Murphy and John Minardi, who at the time were also New Haven police officers, failed to intervene to prevent the use of excessive force against him. The behavior of the defendants, according to the plaintiff, was motivated by their belief that the plaintiff had been previously involved in an assault on the son of a fellow police officer.

Defendants deny that excessive force was used against the plaintiff during the course of his arrest, or that their actions were in any way retaliatory. Neither defendant Murphy nor defendant Minardi arrived on the scene of the arrest until after defendant Marino had brought the plaintiff, who was physically resisting arrest to the ground, and was in the process of attempting to handcuff him, which the plaintiff was also physically resisting. The level of force used against the plaintiff during the course of his arrest was necessary to overcome his resistance. In the alternative, defendants claim that they are entitled to qualified immunity.

**5.   STIPULATIONS OF FACT AND LAW**

a)   At all relevant times the defendants were police officers employed by the by the New Haven Department of Police Service.

b)   At all relevant times the defendants were acting under color of law.

c)   On August 6, 2000, at approximately 12:30 a.m., the plaintiff was apprehended in the backyard of a residence located on Monroe Street in New Haven, and arrested.

**6.  PLAINTIFF'S CONTENTIONS**

During the night in question defendants Marino and Murphy spotted the plaintiff and engaged him in a brief foot chase, after which the plaintiff surrendered. Defendant Minardi was also present at the scene of, and time of, the plaintiff's arrest. As the plaintiff turned toward defendant Marino, defendant Marino struck him in the head several times with his flashlight. During the assault, defendant Marino said, "How does it feel to beat a cop's kid?" Defendant Marino also called the plaintiff a "son of a bitch," and asked "How do you like

3

it" as he beat the plaintiff. During this beating, defendants Murphy and Minardi failed to intervene to prevent the violence done to the person of the plaintiff, despite their duty and opportunity to do so.

The plaintiff contends that this savage beating at the hands of members of the New Haven Police Department was because they believed that the plaintiff had assaulted a fellow officers son.

The plaintiff suffered lacerations to the head, two of which resulted in permanent scars, one four to six inches long and the second an inch and a half long. The plaintiff also suffered from temporary partial paralysis, headaches, dizziness, blurred vision, fear, terror, emotional distress, and the loss of the constitutional rights herein described.

The acts of the defendants were intentional and inspired by malice in that they were taking revenge on the plaintiff for their belief that he had beaten the son of Robert Carothers, a fellow officer serving the New Haven Police Department.

**7.   DEFENDANTS' CONTENTIONS**

Defendants Marino and Murphy, immediately prior to this incident, were on patrol in the Fair Haven section of the City of New Haven. Both of these defendants were in the same marked police vehicle. Shortly after 12:00 midnight on Sunday, August 6, 2000, these defendants received reports of a motor vehicle accident and a stolen car. It was later learned that there was a connection between these two events. Defendants Marino and Murphy then learned that the stolen car had been abandoned at a particular location, and they proceeded to that location.

4

At that location these defendants were provided with a description of the male individual who had abandoned the stolen car and the direction in which he fled on foot. Further information was received that this individual was seen on Monroe Street in New Haven. Defendant Marino proceeded in the direction of Monroe Street in the marked police vehicle while defendant Murphy was on foot. At the intersection of Monroe Street with either Alton Street or Castle Street, defendant Marino observed a male individual who matched the description of the person who had abandoned the stolen car. This person on seeing the police vehicle fled up the driveway of a residence on Monroe Street. Defendant Marino pulled the police vehicle partially into this driveway, exited the vehicle, and proceeded to go into the backyard.

In the backyard, defendant Marino saw the male individual, later identified as the plaintiff, Michael DeMartino, attempting to escape over a fence. Defendant Marino pulled him off the fence, and when he did so, the plaintiff struck this defendant in the face with a closed fist. Defendant Marino became involved in a physical struggle with the plaintiff, attempting to subdue him. He was able to get the plaintiff to the ground on all fours, and place a handcuff on one of his hands, but the plaintiff continued to struggle with him. Defendants Murphy and Minardi arrived in the backyard at about this time and defendant Marino was assisted in handcuffing the plaintiff. After the plaintiff was subdued, his identification was ascertained. Prior to going on patrol, defendants Marino and Murphy were advised, along with other officers in this area, to be on the lookout for this individual since he was wanted on numerous warrants and was reportedly frequenting the Fair Haven area.

5

**8.**     **LEGAL ISSUES**

a)     Did the actions of defendant Marino constitute, as a matter of law, the use of unreasonable force in violation of the Fourth and Fourteenth Amendments to the United States Constitution?

b)     Assuming that the actions of defendant Marino constituted, as a matter of law, the use of unreasonable force did the defendants Murphy and Minardi fail to intervene to prevent the defendant Marino from using unreasonable force on the plaintiff?

c)     Assuming the existence of a federal constitutional violation, are any of the defendants entitled to qualified immunity?

**9.**     **VOIR DIRE QUESTIONS**

1)     This is a lawsuit for civil rights violations brought by a citizen against police officers. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you were chosen to serve on the jury?

2)     Is there anyone here would prefer not to sit on a jury concerning a case of this kind?

3)     Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers? If so, please explain.

4.     Have you or anyone close to you ever been employed as a police officer or by any law enforcement agency in any capacity? If so, please explain.

5.     Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6

6. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7. Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10. Has anyone here or anyone close to you ever been employed by an attorney?

11. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence, which may be presented?

12. Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13. Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14. Have you or anyone close to you ever been the victim of a crime?

15. Does anyone here belong to any club, organization or civil rights group which in any way is interested in the enforcement or the change of any law or laws, or which is in any other way concerned with policemen or law enforcement?

16. Have you or anyone close to you ever been arrested? If so, would this affect

your ability to be fair and impartial in this case?

17. Has anyone here ever witnessed an arrest? If so, would this affect your ability to be fair and impartial in this case?

18. Have you or anyone you know, ever been harassed, assaulted or verbally abused by a police officer? If so, would this affect your ability to be fair and impartial in this case?

19. Have you ever witnessed an incident in which you felt that a police officer was harassing, assaulting or verbally abusing another person? If so, would this affect your ability to be fair and impartial in this case?

20. Have you ever been a party to or witnessed an incident in which you felt that a police officer or officers acting improperly or without just cause? If so, would this affect your ability to be fair and impartial in this case?

21. Have you, or has anyone close to you, ever been a party to the lawsuit? If so, please explain.

22. If you are married is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality.

23. During the past few years there have been reports in newspapers and on television and radio about incidents involving police officers and members of the public. Though the incident alleged by the plaintiff is not similar to those reported, do any of you believe that what has been reported would influence you in any way if you were chosen to sit on a jury where misconduct by a police officer has been alleged?

**10.   LIST OF WITNESSES**

   **a)   Plaintiff:**

1. Michael Demartino, Corrigan-Radgowski Correctional Center, 986 Norwich-New London Turnpike, Uncasville, CT 06382. Mr. Demartino, will testify to his actions and those of those of the defendants.

2. Pasquale Marino, 1 Union Avenue, New Haven, CT 06519. Officer Marino will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on August 6, 2000 involving the plaintiff.

3. John Minardi, 1 Union Avenue, New Haven, CT 06519. Lieutenant Minardi will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on August 6, 2000 involving the plaintiff.

4. Frank Murphy, Northford, CT 06472. Former Detective Murphy will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on August 6, 2000 involving the plaintiff.

5. Raymond Morales, 200 Hemlock Road, New Haven, CT 06515.

6. Jennifer Clauss, 124 Filmore Street, New Haven, CT 06513.

   **b)   Defendant:**

1. Pasquale Marino, 1 Union Avenue, New Haven, CT 06519. Officer Marino will testify as to his education and training as a police officer, and to his knowledge of

observations and his participation in the events that took place on August 6, 2000, involving the plaintiff.

2.    John Minardi, 1 Union Avenue, New Haven, CT 06519.  Lieutenant Minardi will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on August 6, 2000 involving the plaintiff.

3.    Frank Murphy, Northford, CT 06472.  Former Detective Murphy will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on August 6, 2000 involving the plaintiff.

4.    David Coppola, 1 Union Avenue, New Haven, CT 06519.  Officer Coppola will testify as to his education and training as a police officer, and to his knowledge of observations and his participation in the events that took place on August 6, 2000 involving the plaintiff.

**11.    EXHIBITS**

    a)    Plaintiff:

Exhibit 1.    Plaintiff's records from Yale-New Haven Hospital dated August 6, 2000.

Exhibit 2.    Plaintiff's records from Yale-New Haven Hospital dated August 6, 2000.

    b)    Defendant:

    Exhibit 1.    Photograph(s) of area of incident.

    Exhibit 2.    Map/Diagram of area of incident.

    Exhibit 3.    Plaintiff's records from Yale-New Haven Hospital dated August 6, 2000.

      Exhibit 4.    Arrest photograph of plaintiff.

      Exhibit 5.    Plaintiff's Criminal Record.

**12. DEPOSITION TESTIMONY**

None.

**13. REQUESTS FOR JURY INSTRUCTION**

Attached.

**14. ANTICIPATED EVIDENTIARY PROBLEMS**

    **a)    Plaintiff:**

The Plaintiff to raise claims of prior misconduct outside presence of the jury.

**b)    Defendants:**

Defendant has attached a limine motion with a supporting memorandum of law. This motion seeks to exclude any testimony or reference to any misconduct, Internal Values and Ethics complaints or proceedings, or any other type of disciplinary proceedings with respect to the defendant of their witness.

**15. PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable.

**16. TRIAL TIME**

Two to three days of trial time.

**17. FURTHER PROCEEDINGS**

None anticipated.

18. **ELECTION FOR TRIAL BY MAGISTRATE**

    a)     **Plaintiff:**

    b)     **Defendants:**

Defendants would agree to trial by Magistrate Judge.

    **THE PLAINTIFF**,
    MICHAEL DEMARTINO

BY:_____
    Norman A. Pattis
    Federal Bar No. ct13120
    Law Offices of Norman A. Pattis, LLC
    649 Amity Road, P. O. Box 280
    Bethany, CT 06524
    Tel: (203) 393-3017
    Fax: (203) 393-9745
    His Attorney

    **THE DEFENDANTS**,
    PATRICK MARINO, FRANK MURPHY
    AND JOHN MANARDI

BY:_____
    Michael A. Wolak, III
    Assistant Corporation Counsel
    City of New Haven
    165 Church Street
    New Haven, CT  06510
    Tel:  (203) 946-7970
    Fax:  (203) 946-7942
    mwolak@newhavenct.net
    Fed. Bar #c12681
    Their Attorney

A:\Joint Trial Memo DeMartino Final Draft.wpd

13