## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**MICHAEL DeMARTINO**

**VS.**                                                  **CASE NO.: 3:01CV1544 (AWT)**

**PATRICK MARINO,**
**FRANK MURPHY AND**
**JOHN MINARDI**                                **AUGUST 29, 2005**

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### I.

The plaintiff's claim is brought under a section of the federal law, 42 U.S.C. §1983, known as the Civil Rights Act.  This statute, which I will refer to as "Section 1983" allows lawsuits to be brought for money damages when a person, acting under the color of state law, deprives another person or corporation, of constitutional or federal rights.  It provides a legal basis for a person whose federal rights have been violated by a state or local official to sue the official for money damages.  Specifically, Section 1983 provides that:

> Every person who, under color of any statute…of any State…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To establish his claim under Section 1983, the plaintiff must prove the following three elements by a preponderance of the evidence:

(1)      that the defendants acted under color of state law;

(2)      that the conduct of the particular defendant that you are considering deprived him of a right secured by the Constitution of the United States; and

1

(3)     that the act or acts of the particular defendant that you are considering was the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut state law.  Both sides agree that, on the day of the incident, the defendants were acting in their capacity as members of the New Haven Police Department, and therefore, they were acting under color of state law.  Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that the particular defendant that you are considering deprived him of a constitutional right, and that the conduct of that defendant proximately caused his injuries and damages.  In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his constitutional right in order for you to find for the plaintiff.  Mr. DeMartino is entitled to relief if either Officer Martino, or then Detective Murphy, or then Sergeant Minardi, intended to perform the act acts that resulted in a violation of a constitutional right.  He is also entitled to relief if any of the defendants, acted with a reckless disregard of his rights.  Reckless disregard of a plaintiff's rights means not caring whether or not those rights were being violated.  However, if a defendant acted negligently, mistakenly, or inadvertently, then he cannot be said to have violated a right of the plaintiff.  Thus, if you determine that a defendant acted negligently, mistakenly, or inadvertently, even if you find that the plaintiff was injured as a result of those actions, you must find for that defendant.

**Authority:**
Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3; Schwartz and Pratt.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.

Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).

Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and 3-5; Schwartz and Pratt.

Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.

Connecticut jury Instructions (civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.

Brower v. County of Inyo, 489 U.S. 593, 596 (1989).

Adopted from the same instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

## II.

The plaintiff's claim is that the defendants violated his Fourth Amendment right not be subjected to unreasonable force.  Under the Fourth Amendment, a police officer may use reasonable force in an investigatory stop or arrest, but the Fourth Amendment prohibits the use of unreasonable force.

You first must determine whether the defendants, or any of them, committed the alleged acts.

To determine whether a defendant's acts caused the plaintiff to suffer the loss of a constitutional right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.  The reasonableness inquiry is an objective one.  The test is not whether a defendant thought his use of force was reasonable, but rather it is an objective standard:  would a reasonably competent police officer use such amount of force under the circumstances

existing at the time the force was used?   Applying this standard requires careful attention to the facts and circumstances of the case.

The issue is whether the officer's action was objectively reasonable in light of the facts and circumstances confronting him, regardless of his subjective intent.   The concept of reasonableness makes allowances for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight.   In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be in this case including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the defendants or others, and whether the plaintiff was actively resisting arrest at the time the alleged unreasonable force was applied.  I further caution you that not every push, pull, or shove, even if it may later seem unnecessary in the peace of this courtroom, violates the Constitution.

If you find that a defendant's use of force was unreasonable, your verdict on this claim must be for the plaintiff and against that defendant.  If you find that a defendant's use of force was unreasonable, you must return a verdict for that defendant on this claim.

### Authority:

Adapted from the instruction given by the Hon. Donna F. Martinez, Magistrate Judge, in Mathog v. Reyes, Civil Action No. 3:03cv1452 (DFM), which was itself adapted from 5 L. Sand et al., Modern Federal Jury Instructions, Instruction 87-

74C (2005); Graham v. O'Connor, 490 U.S. 386, 393-396 (1989); 4 Schwartz and Pratt, Section 1983 Litigation Jury Instructions, § 7.01 (2004 Supp.)

Additional adaptation from the instruction given by the Hon. Gerald L. Goettel, Senior Judge, in Ingram v. Lawlor, Civil Action No. 3:98cv1738 (GLG).

III.

The plaintiff in this case asserts that there was a violation of a constitutional right when defendants Frank Murphy and John Minardi failed to intercede on his behalf when he was being subjected to the use of excessive force by another police officer. Thus, as a predicate to considering this claim against defendants Murphy and Minardi, you must have previously concluded that the plaintiff's right to be free from excessive force had been violated.

A law enforcement officer has an affirmative duty to intervene on behalf of a citizen whose constitutional rights are being violated by the use of excessive force in his presence by another officer. However, the officer cannot be found liable for a failure to intervene unless he had a realistic opportunity to prevent the violation. Thus, in order to be held liable for a failure to intervene, the plaintiff must prove, first, that the other defendant officers knew that his rights are being violated and second, that the defendant officer or officers who the plaintiff claims failed to intervene was or were in such a position that he or they realistically had sufficient time and opportunity to intervene. The episode must have been of sufficient duration to support a conclusion that an officer who stood by without trying to assist the victim became a tacit collaborator. Though a police officer is not a guarantor of a citizen's safety against the use of excessive force by another police officer, he can be found liable for deliberately choosing not to make a reasonable attempt to stop that other police officer.

**Authority:**

Adapted from the instruction given by the Hon. Alvin W. Thompson in <u>Handy v. Emery</u>, Civil Action No. 3:97cv108 (AWT)

<u>O'Neill v. Krzeminski</u>, 839 F.2d 9, 11 (2d Cir. 1988).

## IV.

There are three defendants in this action. Each defendant is being sued individually. While the evidence may in whole or in part be relevant and material to the question of more than one defendant's liability, you must decide the case against each named defendant separately and you must not let your decisions on claims against one defendant affect your decisions concerning another.

**Authority:**

Devitt, Blackmar and Wolff, 3 <u>Federal Jury Practice and Instructions</u> § 71.06 (4th ed. 1987).

## V.

Now I have just explained to you the specific allegations the plaintiff is making with respect to his federal claim under Section 1983. In order to prevail on his claims of unreasonable force and failure to intervene, the plaintiff must also prove that the conduct of the particular defendant that you are considering was the proximate cause of the injuries he claims to have suffered. The term "proximate cause" means the cause or act which, as a natural consequence, produces the injury or damage, and without which, the injury or damage would not have occurred. In other words, the conduct of the particular defendant that you are considering must have been a substantial factor in producing the injuries to Mr. DeMartino. This does not mean, however, that the law recognizes only one proximate cause of an injury or damages. On the contrary, many

factors or things, or the conduct of more than one person may operate at the same time, either independently or together, to cause injury or damage.  In such a case, each may be a proximate cause.

**Authority**:

> Adapted from the instruction given by the Hon. William I. Garfinkel, Magistrate Judge, in <u>Schapperoew v. Consiglio</u>, Civil Action No. 3:98cv678 (WIG).

## VI.

I have now completed my instructions to you on the elements of plaintiff's Section 1983 claim.  If you find that the plaintiff has proved the elements of his Section 1983 claim against the particular defendant that you are considering, then you must proceed to consider whether this defendant is entitled to what the law calls "qualified immunity." Each defendant has alleged such an affirmative defense to the plaintiff's claim.  Under qualified immunity, the issue is not the correctness of a defendant's conduct, but rather the objective reasonableness of his chosen course of action given the circumstances confronting him at the scene.

The particular defendant that you are considering has the burden of demonstrating that his conduct did not violate clearly established federal law.  The fact that a defendant acted with subjective good faith does not entitle the defendant to the protection of qualified immunity.  A particular defendant is entitled immunity only if a reasonable public official in defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

In deciding what a reasonable public official should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities,

the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confronted him.

Thus, you must ask yourself what a reasonable official in the particular situation of the defendants would have believed about the legality of his conduct. As I stated earlier, you should not, however, consider the defendants' subjective good faith or bad faith. If you find that a reasonable officer in the defendant's situation would have believed that his, or their conduct was lawful, that officer is protected from liability by qualified immunity.

To summarize, if the particular defendant that you are considering convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law, then you must return a verdict for the defendant on that claim. This is so even though you may have previously found this defendant in fact violated the plaintiff's federally protected right. If you find that a defendant has not proved his entitlement to qualified immunity on plaintiff's claim, assuming that plaintiff has proven this claim. then you should proceed to consider the issue of damages.

I again caution you that a constitutional violation such as that alleged by the plaintiff does not occur where the defendants' actions, even though in error, were due to negligence.

**Authority:**

Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 17.02.1, pp 17-5, 17-6 and 17-7; Schwartz and Pratt.

Lennon v. Miller, 66 F. 3d 416, 421 (2d Cir. 1995).

Harlow v. Fitzgerald, 457 U.S. 800 (1982).

## VII.

If you find that a defendant or defendants are liable to the plaintiff based on his federal Section 1983 claim, then you shall consider the issue of damages.  The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded.  This is a determination which is left entirely to you, the jury.  I am instructing you on the principles governing damage awards so that, in the event you should find a defendant or defendants liable, you will know on what basis to consider any award of damages.

You may only award damages as are justified by the pleadings and the proof.  That is, the plaintiff must prove to you by a preponderance of the evidence the nature and extent of his damages.  And, you shall award damages only for those injuries which you find that the plaintiff has proven were the direct result of a defendants' conduct.

There are two kinds of damages that you may consider – compensatory and punitive damages.

### A.    Compensatory Damages

Compensatory damages represent a sum of money that will fairly, adequately, and reasonable compensate a person for harm proximately caused by another's conduct.  With respect to Mr. DeMartino, compensatory damages may be awarded for any physical injury and emotional harm that he suffered during and after the events at issue in this case, including: money actually spent or debts incurred as a result of the injury; lost earnings; pain and suffering, emotional distress, humiliation, injury to one's reputation, embarrassment, fear, anxiety and/or anguish that you find the plaintiff has suffered or that you find the plaintiff will, with reasonably certainty, suffer in the future.

It is for you, in the exercise of your best judgment, to say what is fair and just compensation to the plaintiff insofar as money will compensate him for the damages that he has sustained.  Determining damages in a case of this sort involves a certain degree of estimation.  Often, certain types of damages cannot be proven with mathematical certainty.  You have to apply sound judgment and common sense in reaching the proper amount of damages.  However, there must be evidence to establish damages with at least a reasonable degree of certainty.  You are not to guess or speculate what the damages were.  You must use your best judgment, remembering always that it is incumbent upon the plaintiff to prove, by a fair preponderance of the evidence, the amount of damages to which he is entitled.

### B.    Avoiding Duplicative Damages

Because this case involves claims against multiple defendants, under different theories, I would caution you that the plaintiff may be compensated only once for an injury.  You should not award compensatory damages more that once for the same injury, even though the injury may have been caused by a violation based on different theories of recovery.  In other words, if you find that plaintiff's claims provide differing theories for compensating one distinct injury, then plaintiff is only entitled to recover once for that injury.  For example, if a plaintiff were to plaintiff were to prevail on more than one theory of recovery and establish that he suffered a $50.00 injury, you could not award him $50.00 per claim.  Rather you would award him a total of $50.00 only.  With respect to compensatory damages, the plaintiff is only entitled to be made whole again, not to recover more than he has lost.  Of course, if the plaintiff proves liability on more

than one claim and different injuries are attributed to different claims, then you must compensate him fully for all of his injuries.

### C.    Nominal Damages

If you find that a defendant did violate the plaintiff's constitutional rights, but you do not find that he suffered actual injury or loss by virtue of his constitutional rights having been violated by a defendant, then the plaintiff is entitled to nominal damages for that loss. Nominal damages, however, are generally set in the amount of $1.00.

The mere fact that a constitutional deprivation has occurred is an injury even when no actual damages flow from that deprivation. Therefore, if you find that the plaintiff has suffered no damages as a result of a defendant's conduct, other than the fact of a constitutional deprivation, then you must award nominal damages of $1.00. I caution you, however, not to consider the award of $1.00 as trivial.

### D.    Punitive Damages

I advised you earlier that there are two kinds of damages. The second is known as punitive damages. Punitive damages are available to the plaintiff in his federal claim. If you find that a defendant is liable to the plaintiff on his federal Section 1983 claim, you will be asked whether punitive damages are warranted.

Before you can award punitive damages, you must first have decided to award the plaintiff compensatory or nominal damages for the plaintiff's federal civil rights claim. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in wrongful

conduct.  In deciding whether to award punitive damages, you should consider whether you find that a defendant engaged in any of the following conduct:

1.     Willful or malicious violation of the plaintiff's constitutional right;

2.     An intentional act by a defendant in gross disregard to the plaintiff's rights; or

3.     Reckless disregard by a defendant of whether he was violating a right of the plaintiff.

Whether or not to make an award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiff is entitled to compensatory or nominal damages.  You must bear in mind that the law requires that punitive damages, if awarded, must be awarded with calm discretion and sound reason.  They must never be awarded because of bias, sympathy, or prejudice with respect to any party to the case.

**Authority:**

Adapted from the instruction (language concerning damages for state law claims having been deleted) given by the Hon. William I. Garfinkel, Magistrate Judge, in Schapperoew v. Consiglio, Civil Action No. 3:98cv678 (WIG).

THE DEFENDANTS, PATRICK MARINO, FRANK MURPHY AND JOHN MANARDI

BY: /s/_____

Michael A. Wolak, III
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
Tel:  (203) 946-7970
Fax:  (203) 946-7942
Mwolak@newhavenct.net
Fed. Bar #ct12681
Their Attorney

CERTIFICATION

This is to certify that a copy of the foregoing was either hand delivered or mailed, postage prepaid, on August 29, 2005, to the following counsel of record:

Norman A. Pattis, Esq.
Law Offices of Norman A. Pattis, LLC
649 Amity Road
P.O. Box 280
Bethany, CT  06524

/s/_____
Michael A. Wolak, III